No. 20512.

Aileen Hynes, et al., *v.* John Donaldson, et al.
(395 P.2d 221)

Decided September 14, 1964.

Messrs. SMITH, PYLE, JOHNSON and MAKRIS, Mr. ROGER L. SIMON, for plaintiffs in error.

Messrs. YEGGE, HALL and SHULENBURG, Mr. DON R. EVANS, Mr. EDWARD C. EPPICH, for defendant in error Republic Carloading and Distributing Co., Inc.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

THE propriety of a summary judgment in favor of Republic Carloading and Distributing Co., Inc., designated hereinafter as the Corporation, is disputed by writ of error in this Court.

Hynes and Boettger sued Donaldson and the Corporation for damages alleged to have been sustained in an automobile collision in which Donaldson was charged with negligence and liability was asserted against the Corporation on the theory of respondeat superior.

The Corporation filed an answer in which it denied that Donaldson was its agent and servant at the time of the collision. By its separate, affirmative defense the Corporation alleged that Donaldson was operating his own vehicle on a mission disassociated from the Corporation's business when the collision occurred.

Upon the theory that the pleadings and two depositions showed the absence of a genuine issue, the Corporation moved for a summary judgment. Based upon the depositions, which presented no disputed facts, the trial court decided that there was an absence of the necessary relationship between the Corporation and Donaldson. It thereupon granted the motion for summary judgment in favor of the Corporation, expressly determined that there was no just reason for delay, directed that it be a final judgment, and dispensed with the necessity of filing a motion for new trial, thus creating a justifiable case for review by this Court. Rule 54 (b), R.C.P. Colo.

From the depositions it appears that Donaldson had been an employee of the Corporation for several years and was the district manager for the New Mexico area with the base of operations at Albuquerque. He was paid a monthly salary and had an expense account, including mileage, car allowance, and entertainment. He was paid a per diem plus mileage on trips out of town.

In September of 1959, Donaldson was advised that he was going to be transferred to the Denver office. Pursuant to instructions given him, he sought a replacement for himself.

During the first part of October, the Corporation directed Donaldson to go to Denver. There he was to discuss the Corporation's business, familiarize himself with the area, and meet some of the people with whom he would deal. He would be afforded an opportunity while in Denver to search for a home for his family.

He arrived in Denver on October 3, 1959, and there the Corporation directed him to the motel at which it

had engaged and paid for a room for Donaldson's convenience while he was in Denver.

On Sunday, October 4th, he had breakfast with an official of the Corporation, after which he spent some time in quest of a home. That evening he dined with the official at the latter's apartment, where they discussed the operation and business of the Corporation. It was after he left this meeting and was returning in his car to his motel room that the accident in question occurred.

Did the trial court in the consideration of these circumstances correctly hold that, as a matter of law, Donaldson was not acting within the scope of his employment for the Corporation when the mishap befell? Certain norms adopted by this Court disclose that it did not.

██ If a servant by his negligence injures a stranger, the master may be answerable for such neglect; but to be thus accountable, the injury must be inflicted while the servant is acting in the master's service. Acts done which are necessarily incidental to the service for which he is employed are deemed to be "in the line of his duty and in the furtherance of the master's business." *Sagers v. Nuckolls*, 3 Colo. App. 95, 32 Pac. 187; see *Cooley v. Eskridge,* 125 Colo. 102, 241 P.2d 851; *Gibson v. Dupree*, 26 Colo. App. 324, 144 Pac. 1133.

██ The doctrine that a master is answerable for injuries arising from the negligent performance of acts incidental to the service for which a servant is employed has been applied in cases where the servant is required to be away from home and the ministrations of self become part of such incidental activity. *Brunk v. Hamilton-Brown Shoe Co.*, 334 Mo. 517, 66 S. W. (2d) 903; see *Ryan v. Farrell*, 208 Cal. 200, 280 Pac. 945; *May v. Farrell*, 94 Cal. App. 703, 271 Pac. 789.

An employee who, in following his master's instructions, is away from home or the headquarters of his employment, and at a distance which makes it im-

possible for him to return home each night, must of necessity eat and sleep in various places in order to carry on the business of his master. As was done in this case, the master recognized these necessities and paid the expenses of lodging.

■■ Under the circumstances, we hold that a servant while lodging in a public accommodation, preparing to eat, or while going to or returning from a meal, is performing an act necessarily incident to his employment. *Brunk v. Hamilton-Brown Shoe Co.,* supra. Whether the facts of this case brought Donaldson within this rule is a jury question, and the summary judgment was therefore improperly entered.

■ On the question of the master's liability in the circumstances of this case, it makes no difference that the vehicle involved in the collision belonged to the servant. *May v. Farrell,* supra. Ownership of the car in the setting of this case is not the vital factor the Corporation would have us make it.

The judgment is reversed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE HALL concur.