**Rachel ELLERMAN, individually and as next friend of Carl H. Lytle, Jr., a minor, Petitioners,**

v.

**Terrence Wayne KITE, individually and as agent for Anco Construction Company, Ltd., a Colorado corporation, and Yerby Banics, Respondents.**

**No. 79SC273.**

Supreme Court of Colorado,
En Banc.

March 16, 1981.

▮▮▮▮▮▮▮▮▮▮▮▮

---

Berger & Rothstein, P. C., David Berger, Kent Denzel, Commerce City, for petitioners.

Yegge, Hall & Evans, Eugene O. Daniels, Duncan W. Cameron, Denver, for respondents.

LOHR, Justice.

We issued a writ of certiorari to review the court of appeals' decision in *Ellerman v. Kite,* Colo.App. (1979), affirming summary judgment in favor of defendant Anco Construction Company, Ltd. (Anco) in a personal injury action. Because our review of the record persuades us that a genuine issue of material fact exists, we reverse.

About 1:45 p.m. on February 2, 1974, 7-year-old Carl H. Lytle, Jr. was crossing a state highway in Commerce City when he was struck by a pickup truck driven by defendant Terrence Wayne Kite. The vehicle was owned by defendant Banks Yerby[1] or by his plumbing company. Both Yerby and Kite were employed by Anco.

Lytle's mother, Rachel Ellerman (plaintiff), commenced this action, individually and as next friend of her minor child, against Anco, Kite and Yerby, seeking recovery on the basis of injuries sustained by the child and caused by the alleged negligence of Kite. The plaintiff averred that at the time of the accident Kite "was in the

---

1. Although this defendant is designated "Yerby Banics" in the pleadings, through discovery it was learned that his correct name is Banks Yerby.

employ of defendant Anco, and was in the scope and course of Anco's business as its agent and servant." Almost three years after this action was commenced, Anco moved for summary judgment on the basis that Kite had not been acting in the scope of his employment with Anco when the accident occurred. The trial court granted the motion. The court of appeals affirmed the trial court's ruling, and we granted certiorari.

The standard to be applied in ruling on a motion for summary judgment is set out in C.R.C.P. 56(c) as follows:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The moving party has the burden of showing clearly the absence of a genuine issue as to any material fact. *E. g., Ginter v. Palmer and Co.*, 196 Colo. 203, 585 P.2d 583 (1978); *Primock v. Hamilton*, 168 Colo. 524, 452 P.2d 375 (1969); *O'Herron v. State Farm Mutual Auto Insurance Co.*, 156 Colo. 164, 397 P.2d 227 (1964).

The issue upon which the motion for summary judgment turns is whether Kite was acting within the scope of his employment by Anco in driving the pickup when it struck the child. The law applicable to this issue, as both parties agree, is summarized in *Hynes v. Donaldson*, 155 Colo. 456, 459, 395 P.2d 221, 223 (1964), as follows:

"If a servant by his negligence injures a stranger, the master may be answerable for such neglect; but to be thus accountable, the injury must be inflicted while the servant is acting in the master's service. Acts done which are necessarily incidental to the service for which he is employed are deemed to be 'in the line of his duty and in the furtherance of the master's business.' *Sagers v. Nuckolls*, 3 Colo.App. 95, 32 P. 187; *see Cooley v.*

*Eskridge*, 125 Colo. 102, 241 P.2d 851; *Gibson v. Dupree*, 26 Colo.App. 324, 144 P. 1133."

The act complained of must have been expressly or impliedly authorized by the employer. *Sagers v. Nuckolls*, 3 Colo.App. 95, 32 P. 187 (1893). We have held that:

"Implied authority is such as is *proper, usual and necessary to the exercise of that authority actually granted to the servant or such as is actually necessary to accomplish the task assigned by the master to the servant.*"

*Cooley v. Eskridge*, 125 Colo. 102, 110, 241 P.2d 851, 855 (1952).

With the foregoing standards in mind, we turn to the record to determine whether any genuine issue of material fact exists. Little discovery has been conducted in this case. In addition to the pleadings, the only materials available for use in resolving the summary judgment issue are one set of answers to interrogatories, signed by the president of Anco, and an affidavit of that same officer filed in support of Anco's motion for summary judgment.

Some of the statements in the affidavit of Anco's president are not statements of fact but mere conclusions. These include the statement that Kite was not an agent or employee of Anco on February 2, 1974,[2] and that Anco had no control or right of control over the actions of Kite on that date. Such conclusory statements are not sufficient to show that there is no genuine issue of material fact. *Ginter v. Palmer and Co., supra; Hatfield v. Barnes*, 115 Colo. 30, 168 P.2d 552 (1946). The remainder of the affidavit states only that Kite was an employee of Anco from Monday through Friday during a period including February 2, 1974; that Kite was not required to and did not report to work on Saturday, February 2; and that the vehicle operated by Kite on that day was not *owned* by Anco.

In answer to an interrogatory, Anco's president stated upon information and be-

---

**2.** Taking all the available information together, it is apparent that this means no more than

that Saturday, February 2, was not a work day for Kite.

lief that the pickup truck was owned by Yerby or his plumbing company. Yerby was a plumbing foreman for Anco and was Kite's supervisor. Anco's answers to interrogatories are unspecific with respect to its use of the pickup truck which was involved in the accident, saying only "after Yerby became an Anco employee, the truck was probably used by Kite and/or other Anco employees to carry out Anco business on business days, but the trucks (sic) may from time to time also have been used by Yerby to conduct other business." However, Anco's president goes on to state that during the period from January 2, 1974 to February 15, 1974 Yerby was reimbursed by Anco for actual expenses associated with the operation and maintenance of four trucks including the truck involved in the accident. He also states, on information and belief, that Kite was returning home after taking the truck to obtain a Colorado safety inspection sticker when the accident occurred.

As noted above, some of Anco's answers to interrogatories are made on information and belief and others indicate a lack of personal knowledge of the facts by the affiant. Affidavits supporting and opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." C.R.C.P. 56(e). Answers to interrogatories must also satisfy that requirement if they are to be relied upon to establish material facts for summary judgment. *Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270 (2d Cir. 1968); *S & S Logging Co. v. Barker*, 366 F.2d 617 (9th Cir. 1966); *see generally* 10 C. Wright & A. Miller, *Federal Practice and Procedure, (Civil)* § 2722 (1973). Here, the statements in Anco's answers to interrogatories which do not meet the requirements of C.R.C.P. 56(e) suggest the existence of questions of material fact, *i. e.,* they suggest questions as to the nature and extent of the use of the pickup truck in Anco's business and the related question whether the purpose of Kite's use of the truck on February 2 was incidental to his employment by Anco. We conclude that while such statements may not be utilized to establish or to controvert material facts stated in affidavits or other material complying with C.R.C.P. 56(e), nevertheless, where, as here, they suggest questions of fact not resolved by material complying with that rule they may be considered in deciding whether the moving party has met its burden of showing *clearly* the absence of a genuine issue of material fact.

The facts before us are inconclusive as to whether Kite was acting within the scope of his employment with Anco when the pickup struck the child. Although the accident did not occur on a regular work day, it was caused by the operation of a truck which was maintained at Anco's expense. The purpose of Kite's use of the truck at the time of the accident is not established. The uncertainty whether it was work-related is underscored by statements made on information and belief in Anco's answers to interrogatories. On this record we cannot conclude that Kite's operation of the truck was not necessarily incidental to the service for which he was employed, *see Hynes v. Donaldson, supra,* and impliedly authorized by Anco, *see Sagers v. Nuckolls, supra.*

Anco urges that it has a right to summary judgment based upon C.R.C.P. 56(e) which provides:

"When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response by affidavits as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, *if appropriate,* shall be entered against him." (Emphasis supplied)

The plaintiff filed no affidavits or other factual material in response to the motion for summary judgment. However, this is not a case in which the plaintiff by reliance on pleadings is attempting to controvert factual averments in an affidavit.

Here, the factual statements in Anco's own affidavit and answers to interrogatories are inconclusive as to whether Kite was acting within the scope of his employment when the accident occurred. Although it may be perilous for a party opposing summary judgment to "neither proffer an evidentiary explanation nor file a responsive affidavit," *Ginter v. Palmer and Co., supra*, 196 Colo. at 207, 585 P.2d at 585, election not to do so does not relieve the moving party of the burden to establish that a summary judgment is *appropriate* on the facts and the law. *Id.* This is the burden which Anco has failed to carry.

■ Summary judgment is a drastic remedy. It must never be granted except on a clear showing that there is no genuine issue as to any material fact. *E. g., Jones v. Dressel*, Colo., 623 P.2d 370 (1981); *Hatfield v. Barnes, supra.* All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *E. g., Jones v. Dressel, supra; Ginter v. Palmer and Co., supra; Primock v. Hamilton, supra.* Anco has not carried its burden of showing that there is no genuine issue as to any material fact bearing on whether Kite was acting within the scope of his employment by Anco when the pickup truck which he was driving struck the child.

The judgment of the court of appeals is reversed and the case is remanded to that court with directions to return the matter to the trial court for further proceedings consistent with this opinion.

HODGES, C. J., and LEE and ROVIRA, JJ., dissent.