**Karen O. FRISONE, Plaintiff–Appellant and Cross–Appellee,**

v.

**DEANE AUTOMOTIVE CENTER, INC., a Delaware corporation, Defendant–Appellee and Cross–Appellant.**

**No. 95CA1434.**

Colorado Court of Appeals, Div. II.

Nov. 29, 1996.

As Modified on Denial of Rehearing Jan. 23, 1997.

Certiorari Denied Sept. 8, 1997.

Marc P. Mishkin, Denver, for Plaintiff–Appellant and Cross Appellee.

Elwyn F. Schaefer & Associates, P.C., Elwyn F. Schaefer, Scott F. Reese, Denver, for Defendant–Appellee and Cross Appellant.

Opinion by Judge PLANK.

In this action seeking recovery for certain automobile repairs, plaintiff, Karen O. Frisone (Frisone), appeals the trial court's judgments in favor of defendant, Deane Automotive Center, Inc. Deane cross-appeals the trial court's judgment denying its counterclaim for attorney fees. We affirm both judgments.

### I.

In 1993, Frisone purchased a previously-owned automobile from an automobile dealership other than Deane. The previous owner had the vehicle serviced at Deane approximately four months prior to its sale.

Deane performed a 60,000 mile service and provided the prior owner with a checklist indicating the services that had been performed and the services that were recommended by the manufacturer. Several of the recommended services, including an automatic transmission fluid and filter change, were not performed.

In 1994, Frisone experienced problems with the vehicle's transmission. Because Deane had previously serviced the vehicle, Frisone brought the vehicle to Deane and requested that the transmission be replaced at no cost. When Deane declined to do so, Frisone had the transmission replaced elsewhere.

Frisone brought suit against Deane and its successor, who purchased Deane in 1994, for breach of contract, breach of implied warranty, negligence, and misrepresentation under the Motor Vehicle Repair Act, § 42–11–108, et seq., C.R.S. (1993 Repl.Vol. 17). Frisone claimed to be a third-party beneficiary of the contract between Deane and the vehicle's prior owner. Frisone argued that Deane owed her a legal duty under both the common law and the Motor Vehicle Repair Act,

§ 42–11–101, et seq., C.R.S. (1993 Repl.Vol. 17).

Deane filed a third-party complaint against the prior owner of the vehicle who, on her motion, was dismissed from the action and awarded costs against Deane. The trial court then dismissed the claims against Deane's successor and granted Deane's motion for summary judgment as to all of Frisone's claims.

The trial court concluded that Frisone was not an intended beneficiary of the contract between Deane and the vehicle's prior owner and, thus, she lacked standing to maintain a breach of contract claim.

As to the negligence claim, the trial court concluded that Deane owed no legal duty to Frisone. Further, the trial court concluded that imposing such a duty would be contrary to the Motor Vehicle Repair Act, and that, under the Motor Vehicle Repair Act, Frisone lacked standing to bring an action against Deane. The trial court dismissed Frisone's breach of warranty claim because the alleged defect in servicing the vehicle occurred approximately 14 months after the service, in excess of the 90–day express warranty, and because the contract between Deane and the prior owner expressly disclaimed implied warranties.

On appeal, Frisone argues that the trial court erred by determining that she lacked standing to pursue her claims. She claims that she is a third-party beneficiary to the repair contract, that her negligence claim is not preempted by the Motor Vehicle Repair Act, that she is a "customer" under the Motor Vehicle Repair Act, and that she in any event has standing to pursue all of her claims as assignee of the vehicle's prior owner. We reject these assertions without determining whether the Motor Vehicle Repair Act preempts all common law claims.

On cross-appeal, Deane argues that the trial court should have awarded attorney fees and that it is entitled to a further award of attorney fees because Frisone's appeal is groundless and frivolous. We also disagree with this assertion.

## II.

■ Frisone claims to be an intended third-party beneficiary of the contract between Deane and the vehicle's prior owner because she bought the vehicle after the prior owner allegedly told an employee of Deane that she intended to sell it and was having it serviced for that purpose. We are not persuaded.

■ A person not a party to an express contract may bring an action on such contract only if the parties to the agreement intended to benefit the third party. The intent to benefit must be apparent from the agreement terms, the surrounding circumstances, or both. *Glover v. Southard,* 894 P.2d 21 (Colo.App.1994). An incidental beneficiary is not entitled to bring suit on the contract. *Fourth & Main Co. v. Joslin Dry Goods Co.,* 648 P.2d 178 (Colo.App.1982).

Here, the record reveals that Frisone was not a party to the express contract between Deane and the vehicle's prior owner. Moreover, it is not apparent from either the contract or the surrounding circumstances in the record before us that the parties intended to benefit subsequent purchasers. We agree with the trial court that, as a matter of law, Frisone was not an intended beneficiary.

## III.

■ Frisone claims that Deane was negligent and that the Motor Vehicle Repair Act does not preempt that common law claim.

The existence and scope of a legal duty are questions of law for the court and, in making such determination, a court considers the foreseeability of harm, the social utility of the defendant's conduct, the magnitude of the burden of guarding against the harm, the practical consequences of placing such a burden on the defendant, and other relevant factors as disclosed by the particular circumstances of the case. *Perreira v. State of Colorado,* 768 P.2d 1198 (Colo.1989).

In this case Frisone was a subsequent purchaser of a vehicle having transmission problems approximately 14 months after the prior owner had it serviced by Deane. Under such circumstances, we agree with the

trial court that Deane owed no legal duty to Frisone, and we need not decide whether the Motor Vehicle Repair Act preempts all common law claims.

### IV.

The Motor Vehicle Repair Act provides that no motor vehicle repair garage may represent that repairs have been performed when such is not a fact. Section 42–11–108(1)(b), C.R.S. (1993 Repl.Vol. 17). Frisone argues that Deane's failure to change the transmission fluid and filter as part of the 60,000 mile service violated the provisions of the act. However, we agree with the trial court that Frisone lacks standing to bring an action against Deane under this act.

Pursuant to the Act, "customer" means the owner, the agent of the owner, or a family member, employee, or any other person whose use of the vehicle is authorized by the owner. Section 42–11–101(1), C.R.S. (1993 Repl.Vol. 17). Frisone argues that "owner" is unambiguously included in the definition of "customer" and, as the present owner of the vehicle, she is a customer within the meaning of the Act.

A statute must be construed as a whole to give a consistent, harmonious, and sensible effect to all its parts. *Bluewater Insurance Ltd. v. Balzano*, 823 P.2d 1365 (Colo.1992). We agree with the trial court that including subsequent owners such as Frisone as "customers" would be inconsistent with the contextual use of that word elsewhere throughout the Act.

### V.

Because Frisone failed to plead that she was an assignee of the prior owner, we decline to address that contention on appeal. *See Matthews v. Tri–County Water Conservancy District*, 200 Colo. 202, 613 P.2d 889 (1980).

Also, Frisone's remaining contention, that she should be awarded attorney fees for de-

fending on appeal the trial court's denial of Deane's attorney fees, is without merit.

### VI.

On cross-appeal, Deane contends that attorney fees should be awarded because Frisone's claims were frivolous and groundless. We disagree.

Attorney fees may be awarded when the bringing or defense of an action is determined to have been substantially frivolous, substantially groundless, or substantially vexatious. Section 13–17–101, C.R.S. (1987 Repl.Vol.). Also, if an appellate court determines that an appeal is frivolous, it may award damages and single or double costs to the appellee. C.A.R. 38(d).

A claim or defense is frivolous if the party asserting it can present no rational argument based on the evidence or law in support of that claim or defense. This standard does not apply to legitimate but unsuccessful attempts to establish a new theory of law, or to extend, modify, or reverse existing law. *Haney v. City of Empire*, 779 P.2d 1312 (Colo.1989).

Here, although unsuccessful, Frisone's claims were an appropriate attempt to establish new law. We agree with the trial court's conclusion that Frisone's claims were not frivolous or groundless. *See Haney v. City of Empire.*

Judgments affirmed.

CRISWELL and QUINN*, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).