Vicki **STOKES**, Plaintiff–Appellant,

v.

The **DENVER NEWSPAPER AGENCY,** **LLP,** Defendant–Appellee.

No. 05CA0485.

Colorado Court of Appeals, Div. V.

Sept. 7, 2006.

Roberts, Levin & Patterson, P.C., Bradley A. Levin, Jeremy A. Sitcoff, Denver, Colorado; Law Offices of Mitchel S. Drantch, Mit-

chel S. Drantch, Michael R. O'Connell, Denver, Colorado, for Plaintiff–Appellant.

Overturf & McGath, P.C., Mark C. Overturf, Robert I. Lapidow, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge BERNARD.

In this case involving the scope of respondeat superior liability, plaintiff, Vicki Stokes, appeals the trial court's summary judgment in favor of defendant, Denver Newspaper Agency, LLP, including an award of attorney fees. We affirm the judgment in part, vacate it in part, and remand for further findings on the issue of attorney fees.

Plaintiff's suit against defendant arose out of a car accident between plaintiff and defendant's employee. After settling her claims against the employee, plaintiff sued defendant under a respondeat superior theory.

Defendant moved for summary judgment arguing the employee was not acting within the scope of his employment at the time of the accident. In support of the summary judgment motion, defendant filed an affidavit from the employee indicating he had finished work and was driving home outside of his service district when the accident occurred. Plaintiff's response included an assertion that the employee used his personal automobile while conducting defendant's business and an affidavit containing information about the employee's working hours. However, all the information in plaintiff's affidavit was hearsay.

Plaintiff also moved to compel discovery of parts of the employee's personnel file, which plaintiff claimed might have information about whether the employee was acting within the scope of his employment at the time of the accident.

The trial court granted defendant's motion for summary judgment and dismissed the case one day after granting plaintiff's motion to compel. The trial court awarded defendant attorney fees without explaining the basis for the award. This appeal followed.

## I. Respondeat Superior

Plaintiff asserts the trial court erred in dismissing her respondeat superior claim because an issue of material fact existed as to whether the employee was acting within the scope of his employment. We disagree.

An appellate court reviews a trial court's grant of summary judgment de novo. *A.C. Excavating v. Yacht Club II Homeowners Ass'n,* 114 P.3d 862 (Colo.2005); *Vigil v. Franklin,* 103 P.3d 322 (Colo.2004). Summary judgment is appropriate when the pleadings and supporting documents clearly demonstrate no issue of material fact exists and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Thompson v. Maryland Cas. Co.,* 84 P.3d 496 (Colo. 2004); *Cyprus Amax Minerals Co. v. Lexington Ins. Co.,* 74 P.3d 294 (Colo.2003). The moving party bears the initial burden of providing the basis for the motion and identifying those portions of the record and affidavits that demonstrate there is not a genuine issue of material fact. *Cont'l Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987); *Roberts v. Holland & Hart,* 857 P.2d 492 (Colo.App. 1993).

Under the respondeat superior doctrine, an employer is liable for torts of an employee acting within the scope of employment. The employer is liable if the employee's conduct was motivated by an intent to serve the employer's interests and connected to acts the employee was authorized to perform. *Grease Monkey Int'l, Inc. v. Montoya,* 904 P.2d 468 (Colo.1995). Thus, if the tort is committed during the service of an employer's business, it is within the scope of employment. *Pham v. OSP Consultants, Inc.,* 992 P.2d 657 (Colo.App.1999).

One common law principle defining the scope of employment is the going-and-coming rule, which indicates employees traveling to work from home or from home to work are not within the service of their employers. There are exceptions to this rule. *Beeson v. Kelran Constructors, Inc.,* 43 Colo. App. 505, 608 P.2d 369 (1979).

Plaintiff argues her case is covered by such an exception because, as part of the employee's job, he used his own car at his employer's request. We disagree.

Plaintiff cites a series of workers' compensation cases analyzing similar circumstances. *See, e.g., Madden v. Mountain W. Fabricators,* 977 P.2d 861 (Colo.1999) (setting forth factors to determine whether an employee traveling to or from work is acting within the course of employment); *Whale Commc'ns v. Death of Osborn,* 759 P.2d 848, 848 (Colo.App.1988)("travel becomes a part of the job since it is a service to the employer to convey to the premises a major piece of equipment devoted to the employer's purpose," thus making the vehicle "part of the work environment"); *Varsity Contractors & Home Ins. Co. v. Baca,* 709 P.2d 55 (Colo.App.1985)(employer's requirement that employee bring car to work in order to do the job "conferred an added benefit" to the employer).

Plaintiff has not cited, nor have we found, a Colorado case setting forth a list of factors, like those listed in *Madden,* to be considered in a respondeat superior case. Our task, therefore, is to determine whether the analysis set forth in the workers' compensation cases should be applied in the respondeat superior context. We conclude it should not.

Workers' compensation and respondeat superior liability are different theories of liability. A division of this court described this distinction:

> [W]hile perhaps ninety percent of the decisions on the course of employment in routine cases are interchangeable between the two fields [of workers' compensation and *respondeat superior* liability], the analogy breaks down in certain close cases because of a fundamental difference between the two types of liability. In the law of *respondeat superior,* the harmful force is always an act of the servant, or at least the omission which is the equivalent of an act. The inquiry is whether performance of the act was in furtherance of the master's business. But in many workers' compensation situations, the harmful force is not the employee's act, but something *acting upon* the employee.

*Pham v. OSP Consultants, Inc., supra,* 992 P.2d at 660 (quoting 1 Larson's Workers' Compensation Law § 14.00, at 4–1 (1998) ).

The fundamental difference between these two theories of liability led the *Pham* division to conclude, for the purposes of the respondeat superior doctrine, that an employee was outside the scope of his employment when, on an out-of-town work assignment, the employee finished work, drove his car to a bar, and then collided with another car on the way back to his lodging. The division determined this was not a situation in which it would be proper to hold the employer responsible for the employee's act causing injury to another, even though it might have been appropriate to hold the employer responsible for injuries suffered by the employee.

The workers' compensation statutory scheme is a product of legislative policies. It compensates workers for injuries suffered on the job without regard to their negligence or assumption of risk. In exchange, the employer is given immunity from workers' claims that their injuries were caused by their employers' negligence. *Frank M. Hall & Co. v. Newsom,* 125 P.3d 444 (Colo.2005). The Workers' Compensation Act also limits the amount an employee may recover. Sections 8–42–107, 8–42–107.5, 8–42–114, 8–42–115, C.R.S.2005.

 The primary purpose behind the common law doctrine of respondeat superior is to make employers liable to third parties for the negligence of employees serving their employers' business. *Grease Monkey Int'l, Inc. v. Montoya, supra.* Unlike in workers' compensation cases, employers' liability is not statutorily limited, and proof of negligence is required. As the division in *Pham* recognized, this distinction is enough to justify different results in respondeat superior cases and workers' compensation cases. This is such a situation.

In workers' compensation cases, employers' responsibility is to a limited and known universe: their employees. Extending employer responsibility to situations where an employer has made an employee's car "part of the work environment," *Whale Commc'ns v. Osborn, supra,* 759 P.2d at 848, protects employees from a "harmful force ... acting

upon the employee." *Pham v. OSP Consultants, Inc., supra,* 992 P.2d at 660.

In a respondeat superior case, the employer's universe of responsibility is not as limited. By definition, respondeat superior protects third parties whose existence may be unknown to the employer. The doctrine also focuses upon the employee, as "the harmful force is always an act of the [employee], or at least the omission which is the equivalent of an act," *Pham v. OSP Consultants, Inc., supra,* 992 P.2d at 660, and the potential liability of the employer extends to all third-party damages.

Courts in other jurisdictions have similarly recognized the distinction between workers' compensation cases and the respondeat superior doctrine for purposes of analyzing exceptions to the going-and-coming rule. *Luth v. Rogers & Babler Constr. Co.,* 507 P.2d 761 (Alaska 1973); *Robarge v. Bechtel Power Corp.,* 131 Ariz. 280, 640 P.2d 211 (Ct.App. 1982); *Wills v. Correge,* 148 So.2d 822 (La. Ct.App.1963); *Taylor v. Pate,* 859 P.2d 1124 (Okla.App.1993). *But see Huntsinger v. Glass Containers Corp.,* 22 Cal.App.3d 803, 99 Cal.Rptr. 666 (1972).

Applying cases furthering the policies of Colorado's workers' compensation law to respondeat superior claims would expand employers' liability to third parties significantly, creating a form of portal-to-portal responsibility. This result is inconsistent with the basic concept of enterprise liability, which limits respondeat superior liability to negligent acts committed in the furtherance of the employer's business, because driving to and from work, even in a personal vehicle used for work, does little to serve the employer's purposes, aside from delivering the employee and the vehicle to the work site. These differences are significant enough to convince us that cases like *Madden v. Mountain West Fabricators, supra; Varsity Contractors & Home Insurance Co. v. Baca, supra; and Whale Communications v. Death of Osborn, supra,* do not control our decision here.

Courts from other jurisdictions have reached similar conclusions. *Freeman v. Manpower, Inc.,* 453 So.2d 208 (Fla.Dist.Ct. App.1984); *Beard v. Seamon,* 175 So.2d 671 (La.Ct.App.1965); *Oaks v. Connors,* 339 Md. 24, 660 A.2d 423 (1995); *Heide v. T.C.I. Inc.,* 264 Or. 535, 506 P.2d 486 (1973); *Whitehead v. Variable Annuity Life Ins. Co.,* 801 P.2d 934 (Utah 1989). *But see Konradi v. United States,* 919 F.2d 1207 (7th Cir.1990); *Huntsinger v. Glass Containers Corp., supra; Carter v. Reynolds,* 175 N.J. 402, 815 A.2d 460 (2003).

An analysis similar to that utilized in workers' compensation cases has been used in governmental immunity cases. For example, in *Shandy v. Lunceford,* 886 P.2d 319 (Colo. App.1994), and *Capra v. Tucker,* 857 P.2d 1346 (Colo.App.1993), the divisions found a person driving either to or from work to be acting within the scope of employment. These cases are likewise not binding on our decision.

In *Shandy,* a teacher was transporting her horses home from school when an accident occurred. The school had contracted with the teacher to provide her students with an opportunity to ride the horses. The division found that the trial court's conclusion the teacher was acting within the scope of her employment was supported by sufficient competent evidence.

In *Capra,* a state patrol officer had an accident while driving a patrol car from home to his workplace. The state required the officer to drive the car to and from home because he was on call. The car was issued to him so it would be available for him to use if he were called to work or if he needed to stop and render aid to a motorist while on call. The car was equipped with a radio and spotlights. The state paid all the operating expenses for the car and forbade the officer from using it for personal reasons. The division determined the officer was acting within the scope of his employment because he was performing his duties at the time of the accident.

In this case, unlike the teacher in *Shandy,* the employee was merely driving home from work. There was no evidence he was transporting work-related material. Unlike the officer in *Capra,* the employee was not driving an automobile provided and maintained by his employer, which could not be used for personal errands, nor was there any evidence

the employee was expected, while on call, to stop and render aid to motorists. There was no information the employee was traveling home at either the express or implied request of the employer or that the employee was providing his employer with a benefit beyond merely returning home in a personal car also used for work.

Here, the trial court found the employee worked for defendant at the time of the collision and the employee used his own car to conduct defendant's business. However, the trial court declined to consider information from plaintiff's affidavit concerning the employee's working status and hours because it contained hearsay statements inadmissible at trial. *See* C.R.C.P. 56(e) (affidavits shall refer to personal knowledge and set forth admissible evidence); *People v. Hernandez & Assocs.*, 736 P.2d 1238 (Colo.App.1986) (affidavit must contain information admissible in court). Thus, plaintiff did not provide any admissible evidence to rebut the statement in the employee's affidavit that he was finished with his duties and driving home from work at the time of the collision.

Extending liability to defendant in this circumstance, in the form of an exception to the going-and-coming rule, would not further the purposes of the doctrine of respondeat superior. While the employee may have used his own car to do his job, there was no evidence the employee was engaged in any act connected to his work or furthering defendant's interests at the time of the crash.

Therefore, applying *Pham's* reasoning and the going-and-coming rule, the information presented to the trial court for purposes of the summary judgment motion supported the trial court's determination that the employee was not acting within the scope of his employment at the time of the accident. *Cf. Raleigh v. Performance Plumbing & Heating*, 130 P.3d 1011 (Colo.2006) (tort of negligent hiring inapplicable when employer's expectation was employee would drive employee's truck from construction trailer to job sites, but did not extend to driving to and from work). Thus, the evidence before the trial court did not present a disputed issue of material fact of whether the employee was working within the scope of his employment at the time of the accident. As a result, the summary judgment for defendant was proper. As a further result, the issue of what effect plaintiff's settlement with the employee might have upon this case is moot.

## II. Discovery

Plaintiff also contends the summary judgment should be reversed because it was granted one day after the court granted her motion to compel discovery of the employee's personnel file. Plaintiff argues this prevented her from acquiring affidavits to show the existence of a material issue of fact because she was waiting for the trial court's ruling on the motion to compel before proceeding with further discovery. We find, at most, harmless error.

A trial court's discovery rulings will not be disturbed on review, absent an abuse of discretion. A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. *Keybank v. Mascarenas*, 17 P.3d 209 (Colo.App.2000).

C.R.C.P. 56(f) allows a party who cannot produce facts essential to its opposition to a motion for summary judgment to submit an affidavit explaining why it cannot do so. In this case, plaintiff did not submit a C.R.C.P. 56(f) affidavit.

However, in separate pleadings, plaintiff stated the employee's employment file was "critically necessary for the ultimate determination of his employment status," and plaintiff asked the trial court to reconsider its decision to grant summary judgment because plaintiff never had the opportunity to conduct discovery. Thus, although plaintiff did not expressly warn the trial court that its failure to rule on her motion to compel discovery would adversely affect her ability to respond to defendant's motion for summary judgment, plaintiff clearly indicated the information from the employee's personnel file was important to her case.

However, plaintiff has not shown she would have been in a better position to respond to the motion for summary judgment if the motion to compel had been granted earlier. The disclosed documents consisted

of five personnel-payroll action sheets which did not contain any information about the day of the collision, make any reference to the employee's use of a car in his employment, or describe his work hours.

As a result, even assuming the trial court's decision to grant the motion for summary judgment one day after granting plaintiff's motion to compel discovery was error, we conclude the error was harmless because none of the information from the employee's personnel file would have affected the outcome of the motion for summary judgment. *See Bailey v. C.P. Constr., Inc.*, 837 P.2d 277, 279 (Colo.App.1992).

### III. Attorney Fees

 Last, plaintiff contends the trial court's attorney fees award was an abuse of discretion. We conclude a remand for further findings is necessary.

The decision to award attorney fees will not be disturbed on appeal absent an abuse of discretion. *A. Tenenbaum & Co. v. Colantuno*, 3 P.3d 456 (Colo.App.1999), *aff'd*, 23 P.3d 708 (Colo.2001). The trial court must award attorney fees when it has determined that an action is substantially frivolous, groundless, or vexatious. *Frisone v. Deane Auto. Ctr., Inc.*, 942 P.2d 1215 (Colo.App.1996). When awarding attorney fees, the court must make specific findings of the reasons supporting the award. Section 13–17–103(1), C.R.S.2005.

Here, the trial court did not identify in its order why it awarded attorney fees. Because we cannot identify the reason for the award of attorney fees, we cannot determine whether the trial court abused its discretion. *See In re Marriage of Aldrich*, 945 P.2d 1370 (Colo.1997). Thus, the award cannot stand, and we remand this issue to the trial court to make specific findings of whether attorney fees are warranted in light of this opinion.

Accordingly, the judgment as to attorney fees is vacated, and the case is remanded for

further findings on that issue. The judgment is affirmed in all other respects.

Judge WEBB and Judge METZGER * concur.