**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**ONE 1967 PONTIAC (GTO) COLO. LICENSE PLATE UY–1043, VEHICLE I.D. NO. 242177Z117130, and Bradley Heitbrink, Defendants-Appellants.**

**No. 82SA301.**

Supreme Court of Colorado,
En Banc.

April 2, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Virginia Byrnes, Asst. Atty. Gen., Enforcement Section, Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Patrick Vance, Deputy State Public Defender, Denver, for defendants-appellants.

KIRSHBAUM, Justice.

Defendant, Bradley Heitbrink, appeals the trial court's judgment ordering forfeiture of defendant's automobile as a class one public nuisance, pursuant to sections 16–13–301 to –314, C.R.S. 1973 (1978 Repl. Vol. 8).[1] Defendant also argues on appeal that section 16–13–303(1)(c), C.R.S.1973 (1978 Repl.Vol. 8) (1983 Cum.Supp.), is unconstitutionally void for vagueness or unconstitutionally overbroad.[2] We affirm the judgment and conclude that defendant has failed to demonstrate that the statute is unconstitutionally vague or overbroad.

On November 6, 1981, the trial court, pursuant to section 16–13–303, conducted a

hearing to determine whether defendant's vehicle constituted a class one public nuisance. Pursuant to C.A.R. 10(c), the parties have stipulated that the following facts were established at the hearing.

On February 21, 1981, an undercover Morgan County Sheriff's Department officer joined defendant in a parked 1967 Pontiac GTO, Colorado license UY–1043. The officer asked defendant for a "lid" of marijuana, and the latter then drove to a private residence. Defendant parked the car in the driveway to the house and offered a "sample" of marijuana to the officer. Defendant then sold 28.5 grams of marijuana to the undercover officer for forty-five dollars. All of these acts occurred in defendant's automobile, and the marijuana had been located in the vehicle.

Colorado's abatement of public nuisance statute, sections 16–13–301 to –314, in general authorizes district attorneys to initiate and maintain actions in district courts to restrain, remove, terminate, prevent, abate or perpetually enjoin public nuisances as defined by the statute. *See Gregg v. People*, 65 Colo. 390, 176 P. 483 (1918). Section 16–13–303(1)(c), C.R.S.1973 (1978 Repl. Vol. 8) (1983 Cum.Supp.), defines a class one public nuisance in the following relevant language:

"(1) Every building ... every vehicle, and any real property shall be deemed a class 1 public nuisance when:

(c) Used for unlawful manufacture, cultivation, growth, production, processing, sale, or distribution or for storage or possession for any unlawful manufacture, sale, or distribution of any controlled substance, as defined in section 12–22–303(7), C.R.S., or other drug the possession of which is an offense under the laws of this state or imitation con-

---

1. This matter was referred to this court pursuant to § 13–4–110(1)(a), C.R.S.1973, and we accepted jurisdiction in an order dated July 2, 1982. We then granted petitioner's motion to file a supplemental brief raising constitutional issues in an order dated September 10, 1982.

2. Defendant argues that § 16–13–303(2), C.R.S. 1973 (1978 Repl.Vol. 8) (1983 Cum.Supp.), is

"unconstitutionally vague" in its definition of the conduct which is proscribed by § 16–13–303(1)(c). Insofar as is here pertinent, § 16–13–303(2) declares that the contents of a vehicle found to be a public nuisance under § 16–13–303(1)(c) are "subject to seizure, confiscation and forfeiture."

trolled substance, as defined in section 18–5–602(3), C.R.S." [3]

Section 16–13–301, C.R.S.1973 (1978 Repl. Vol. 8) (1983 Cum.Supp.), defines "vehicle" as follows:

"(3) 'Vehicle' means any device of conveyance capable of moving itself or of being moved from place to place upon wheels or track or by water or air, whether or not intended for the transport of persons or property, and includes any place therein adapted for overnight accommodation of persons or animals or for the carrying on of business."

Defendant does not deny that a sale of marijuana occurred in the vehicle. He argues, however, that a vehicle in which a single unlawful sale of a small amount of a controlled substance occurs cannot be deemed a public nuisance under the statute. Defendant argues that in such circumstances the People should be required to prove that the vehicle was necessary for the sale, that the vehicle previously had been used to facilitate an unlawful sale, or that the vehicle is likely to be used in the future to facilitate an unlawful sale. These arguments are contrary to the language of the statute.

██ A vehicle need only be "used" for an unlawful sale of a controlled substance to constitute a public nuisance under the statute. *Webster's Third New International Dictionary*, 2524 (1976) defines "used" as that which is "employed in accomplishing something." Considering the mobility of vehicles, it is not inappropriate to conclude that evidence concerning multiple unlawful sales involving a single vehicle would at best be difficult to discover, and often not discoverable at all. The General Assembly has stated in quite broad language that any involvement of a vehicle in any unlawful sale of any controlled substance is sufficient misuse to justify the designation of the vehicle as a public nui-

sance under the statute. *See Robinson Brick Co. v. Luthi*, 115 Colo. 106, 169 P.2d 171 (1946). We conclude that section 16–13–303(3) permits classification of a vehicle as a class one public nuisance on the basis of a single sale of a controlled substance which transpires within a vehicle.

██ Defendant contends that section 16–13–303(1)(c) is unconstitutionally vague. A penal statute is unconstitutionally vague if it forbids or requires the doing of an act in language which is so general in meaning that persons of common intelligence must necessarily guess as to its meaning and differ as to its application. *People v. Jennings*, 641 P.2d 276 (Colo.1982). The public nuisance statute does not suffer from such vice. The language used by the General Assembly is specific; persons of common intelligence have no difficulty in understanding the term "used" and in comprehending the definitions of "controlled substance" supplied by the statute. The language of the statute is sufficiently plain to give defendant and others reasonable notice of the kind of conduct prohibited by its terms. *People v. Allen*, 657 P.2d 447 (Colo.1983). We conclude, therefore, that the statute is not unconstitutionally vague.

██ Defendant also states that the statute is overbroad. His argument, however, is simply that the statute should not be interpreted to apply to a single sale of a small amount of a controlled substance. Legislative provisions may be found unconstitutionally overbroad only in a context in which the exercise of fundamental rights or express constitutional rights is threatened by the challenged statutory prohibitions. *People v. Mason*, 642 P.2d 8 (Colo. 1982); *People v. Garcia*, 197 Colo. 550, 595 P.2d 228 (1979). It is incumbent upon a defendant challenging the constitutionality of a statute on overbreadth grounds to state the constitutional rights purportedly

---

**3.** Section 12–22–303(7), C.R.S.1973 (1978 Repl. Vol. 8) (1983 Cum.Supp.), provides:

"'Controlled substance' means a drug or other substance or an immediate precursor which is declared to be a controlled substance

under this part 3 and also includes marihuana and marihuana concentrate."

Defendant does not dispute that he sold marijuana, as defined in the statute, to the undercover officer.

threatened. Defendant has articulated no such fundamental constitutional right here.

On the basis of the arguments presented here, we conclude that section 16–13–303(1)(c) is not overly broad.

Judgment affirmed.

