The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

HERNANDEZ AND ASSOCIATES, INC., a Colorado corporation, and one 1975 Silver Rolls Royce, Silver Shadow automobile, VIN # 22230, Temporary Plate # 23682J, Defendants-Appellants.

No. 85CA0558.

Colorado Court of Appeals, Div. III.

Nov. 26, 1986.

Rehearing Denied Jan. 8, 1987.

Certiorari Denied (People) May 11, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Nick Avila, Jr., Denver, for defendants-appellants.

BABCOCK, Judge.

Defendant, Hernandez and Associates, Inc., appeals the trial court's summary judgment ordering forfeiture of defendant's automobile as a Class I public nuisance, pursuant to § 16–13–301, et seq., C.R.S. (1986 Repl.Vol. 8A). We reverse.

The automobile, a 1975 Rolls Royce Silver Shadow, was seized by Denver police during an investigation into the alleged distribution and sale of a controlled substance (cocaine) by Jesus John Hernandez, a shareholder in Hernandez and Associates, Inc., in whose corporate name title to the Rolls Royce was held. The Denver District Attorney initiated forfeiture proceedings, seeking to have the Rolls Royce declared a Class I public nuisance under § 16–13–303(1)(c), C.R.S. (1986 Repl.Vol. 8A). The original complaint contained an affidavit by the police detective who conducted the investigation, alleging that the Rolls Royce was used in two instances to distribute cocaine. This affidavit was submitted in support of the People's motion for summary judgment.

Defendant asserts that genuine issues of material fact exist for resolution and that, therefore, the trial court erred in granting summary judgment to plaintiff. We agree.

Summary judgment is a drastic remedy, and is never warranted except on a clear showing that there is no genuine issue as to any material fact. *Primock v. Hamilton*, 168 Colo. 524, 452 P.2d 375 (1969). Summary judgment should be granted only when the moving party demonstrates existence of both evidentiary and legal predicates for its entry. *Southard v. Miles*, 714 P.2d 891 (Colo.1986). All doubts as to the presence of disputed facts must be resolved against the moving party, *KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo.1985), *cert. denied*, 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985), and the party against whom summary judgment might otherwise be entered is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Mount Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231 (Colo.1984).

C.R.C.P. 56(e) requires that affidavits in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall

show affirmatively that the affiant is competent to testify to the matters stated therein." The supporting affidavit must contain evidentiary material, which, if the affiant were in court and testifying on the witness stand, would be admissible as part of his testimony. *In re Estate of Abbott*, 39 Colo.App. 536, 571 P.2d 311 (1977).

Thus, affidavits based upon inadmissible hearsay are insufficient to support summary judgment. *See* CRE 802; *Harris v. Grizzle*, 625 P.2d 747 (Wyo.1981); *see also People v. Hernandez*, 695 P.2d 308 (Colo.App.1984) (hearsay affidavit cannot support motion for new trial). Moreover, an affidavit based not upon the affiant's personal knowledge but merely upon information and belief is speculation, and is insufficient to support summary judgment. *See Commercial Industrial Construction, Inc. v. Anderson*, 683 P.2d 378 (Colo.App. 1984); *National Surety Corp. v. Citizens State Bank*, 651 P.2d 460 (Colo.App.1982).

To be entitled to judgment of forfeiture as a matter of law under § 16–13–303(1)(c), C.R.S. (1986 Repl.Vol. 8A), the People must prove that the vehicle in question was "used for unlawful manufacture, cultivation, growth, production, processing, sale, or distribution or for storage or possession for any unlawful manufacture, sale, or distribution of any controlled substance," as defined in § 12–22–303(7), C.R.S. (1985 Repl.Vol. 5), which includes cocaine. *See* § 12–22–310(1)(a)(V), C.R.S. (1985 Repl.Vol. 5).

Here, the only evidence in the affidavit linking the Rolls Royce to the two alleged cocaine transactions were inadmissible hearsay statements made by an unidentified informant. The affiant had no personal knowledge of any direct connection between the Rolls Royce and the alleged cocaine sales. Furthermore, the affiant's statement regarding the results of chemical analysis of the alleged cocaine in the first transaction contained inadmissible hearsay; and there was no evidence that the alleged cocaine in the second transaction had ever been tested or demonstrated to be cocaine.

Although a single sale of a controlled substance may warrant forfeiture of the vehicle involved, *see People v. One 1967 Pontiac (GTO)*, 678 P.2d 1016 (Colo.1984), the affidavit fails to establish admissible evidence of even a single illicit transaction in which the Rolls Royce was used. For this reason, we conclude that genuine issues of material fact still exist regarding the alleged use of the Rolls Royce in the unlawful distribution, possession, or sale of a controlled substance. Therefore, summary judgment was improper. *See National Surety Corp. v. Citizens State Bank, supra.*

The People assert that by failing to file an opposing affidavit, defendant did not offer any evidence to rebut the allegations in their affidavit. Although it may be perilous for the party opposing summary judgment not to file a responsive affidavit, *see* C.R.C.P. 56(e), election not to do so does not relieve the moving party of its burden to establish that summary judgment is appropriate. *See Ellerman v. Kite*, 625 P.2d 1006 (Colo.1981). Here, the People did not meet that burden.

The judgment is reversed, and the cause is remanded for trial.

VAN CISE and METZGER, JJ., concur.