USA LEASING, INC., L.L.C.,
Plaintiff–Appellee,

v.

Fernando MONTELONGO, M.D., individually and d/b/a Montelongo's Family Practice, Defendant–Appellant.

No. 99CA2495.

Colorado Court of Appeals,
Div. II.

May 10, 2001.

Harry L. Simon, P.C., Harry L. Simon, Jennifer L. Tryjan, Denver, CO, for Plaintiff–Appellee.

Donald A. Brenner, Denver, CO, for Defendant–Appellant.

Opinion by JUDGE JONES

In this action for damages based on the alleged breach of a lease agreement, defendant, Fernando Montelongo, M.D., appeals from the summary judgment entered against him and in favor of plaintiff, USA Leasing, L.L.C. Because the record does not support the entry of summary judgment, we reverse and remand for further proceedings.

The record reveals the following facts. Plaintiff filed a complaint alleging that defendant had breached a lease agreement for certain computer equipment by failing to make the required monthly rental payments. Plaintiff sought over $90,000 in claimed damages, as well as interest, costs, and attorney fees. In his answer, defendant admitted having entered into the lease agreement and taking possession of the equipment, but he denied that he breached the agreement by nonpayment or that plaintiff had sustained damages in that amount.

Plaintiff, thereafter, filed a motion for summary judgment, although the motion was not accompanied by any affidavit or other supporting documents. Defendant did not file any response to this motion.

More than two months later, the trial court granted the motion and entered a monetary judgment of more than $113,000 in favor of plaintiff. In so ruling, the court noted that the record contains an "Affidavit of Indebtedness" filed by plaintiff in support of an earlier motion for default judgment and that defendant had not contested the validity of that affidavit. On that basis, the court ruled that defendant had not met his "duty to appropriately respond" to the summary judgment motion and that the "materials available" demonstrated that there were no genuine issues of material fact remaining for resolution.

Defendant contends that the trial court erred as a matter of law in granting plaintiff's motion for summary judgment on the record before it. We agree.

In our view, the previously filed affidavit is insufficient to satisfy plaintiff's summary judgment burden, and the pleadings raised genuine issues of material fact as to whether defendant breached the lease agreement and, if so, as to the amount of plaintiff's damages.

■ Appellate review of a ruling granting a motion for summary judgment is *de novo.* *Westerman v. Rogers,* 1 P.3d 228 (Colo.App. 1999).

■ Summary judgment is a drastic remedy that is warranted only on a clear showing that there is no genuine issue as to any material fact. The burden of establishing the lack of a triable issue of material fact is on the moving party, and all doubts in this regard must be resolved against that party. *Ginter v. Palmer & Co.,* 196 Colo. 203, 585 P.2d 583 (1978); *People v. Hernandez & Associates, Inc.,* 736 P.2d 1238 (Colo.App. 1986).

■ Although it may be risky for a party not to respond to a motion for summary judgment, the absence of a response does not relieve the moving party of its burden to establish that summary judgment is appropriate. Once the moving party makes a convincing showing that there are no genuine issues of material fact, then the opposing party must set forth specific facts demonstrating that there is a genuine issue for trial. However, supporting affidavits submitted by the moving party may be insufficient to satisfy that party's burden, in which case summary judgment is not appropriate. *See* C.R.C.P. 56(e); *Ginter v. Palmer & Co., supra; People v. Hernandez & Associates, Inc., supra; see also Koch v. Sadler,* 759 P.2d 792 (Colo.App.1988).

■ C.R.C.P. 56(e) requires that affidavits in support of a summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The supporting affidavit must contain evidentiary material that would be admissible as part of the affiant's testimony if the affiant was in court and testifying on the witness stand. *People v. Hernandez & Associates, Inc., supra.*

Here, plaintiff's previously filed affidavit does not satisfy the foregoing requirements. To the contrary, the affiant is plaintiff's attorney rather than a witness on plaintiff's behalf, and the affidavit does not affirmatively show that the attorney has any personal knowledge of the relevant facts.

Moreover, the affidavit sets forth only the conclusory allegation that defendant is "indebted" to plaintiff for certain amounts in principal, interest, costs, and attorney fees, but no factual allegations are set forth showing the basis for defendant's asserted indebtedness for such items, or showing the method by which the specific amounts claimed were calculated.

Because plaintiff did not meet its summary judgment burden by this inadequate affidavit or otherwise, defendant was not required to submit opposing evidentiary materials. Further, as noted by defendant, the pleadings raised genuine issues of material fact. Thus, on this record, entry of summary judgment was improper. *See Ginter v. Palmer & Co., supra; People v. Hernandez & Associates, Inc., supra.*

We also note that, upon denying defendant's postjudgment motion challenging the summary judgment ruling, the trial court ruled that defendant's separate postjudgment motion for leave to file an amended answer was rendered moot. In view of our conclusion that the summary judgment must be reversed and that remand is required, the trial court may permit defendant to amend his answer in the proceedings on remand. *See Westerman v. Rogers, supra.*

Accordingly, the judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

PLANK and CASEBOLT, Judges, concur.