24CA0815 Peo in Interest of ZJJ 01-09-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0815
Gunnison County District Court No. 23JV30000
Honorable J. Steven Patrick, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of Z.J.J., a Child,

and Concerning D.R.S. and B.L.J.,

Appellants.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE YUN
Harris and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 9, 2025

---

Matthew R. Hoyt, County Attorney, Alex San Filippo-Rosser, Deputy County Attorney, Gunnison, Colorado, for Appellee

Robert G. Tweedell, Guardian Ad Litem

Michael Kovaka, Littleton, Colorado, for Appellant D.R.S.

Just Law Group, LLC, John F. Poor, Denver, Colorado, for Appellant B.L.J.

¶ 1    D.R.S. (father) and B.L.J. (mother) appeal the judgment terminating their parent-child legal relationships with Z.J.J. (the child) by summary judgment. We reverse and remand to the juvenile court for further proceedings.

## I.    Background

¶ 2    In January 2023, the Gunnison County Department of Human Services (Department) filed a petition in dependency and neglect, alleging, among other things, that mother used substances during her pregnancy and the child was born affected by substance exposure. The parents admitted to the allegations in the petition, and the juvenile court adjudicated the child dependent and neglected. The court then adopted treatment plans for the parents.

¶ 3    In March 2024, the Department moved to terminate the parents' parental rights by summary judgment. The juvenile court granted the motions — one for each parent — and terminated the parent-child legal relationships between the parents and the child.

## II.    Discussion

¶ 4    The parents assert that the juvenile court erred by granting summary judgment. We agree.

A.     Standard of Review and Legal Principles

¶ 5     We review an order granting summary judgment de novo.
*Robinson v. Legro*, 2014 CO 40, ¶ 10; *see also Hamon Contractors,
Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 290 (Colo. App. 2009)
(appellate courts apply the same principles that guided the juvenile
court's determination).

¶ 6     Summary judgment is a drastic remedy that is appropriate
only when the moving party establishes that there is no genuine
issue as to any material fact and it is entitled to judgment as a
matter of law.  *People in Interest of S.N. v. S.N.*, 2014 CO 64,
¶¶ 14-15; C.R.C.P. 56(c).  To show that there is no genuine issue of
material fact, the evidentiary facts — the raw, historical data
underlying the controversy — must be undisputed.  *S.N.*, ¶ 21.  A
material fact is one that affects the outcome of the case.  *Morley v.
United Servs. Auto. Ass'n*, 2019 COA 169, ¶ 14.

¶ 7     The moving party may use pleadings, depositions, answers to
interrogatories, admissions on file, and affidavits to meet this
burden.  C.R.C.P. 56(c).  An affidavit supporting a motion for
summary judgment must be made on personal knowledge, set forth
admissible facts, and affirmatively establish that the affiant is

competent to testify to the matters in the affidavit. C.R.C.P. 56(e). The affidavit must contain evidentiary material, which, if the affiant were in court, would be admissible as part of the testimony. *People v. Hernandez & Assocs., Inc.*, 736 P.2d 1238, 1240 (Colo. App. 1986). Affidavits based on inadmissible hearsay, or containing mere conclusions, are insufficient to demonstrate the absence of a genuine issue of material fact. *Id.*; *see also S. Cross Ranches, LLC v. JBC Agric. Mgmt., LLC*, 2019 COA 58, ¶ 15.

¶ 8    In assessing a summary judgment motion seeking to terminate parental rights, the juvenile court must find not only that there are no genuine issues of material fact, but also that the moving party — in this case the Department — established the applicable statutory criteria for termination by clear and convincing evidence. *People in Interest of T.M.*, 240 P.3d 542, 544 (Colo. App. 2010). Clear and convincing evidence is proof that persuades the trier of fact that the truth of the contention is highly probable and free from serious or substantial doubt. *People in Interest of G.R.N.M.*, 228 P.3d 976, 978 (Colo. App. 2010). This required standard of proof "significantly limits the cases in which summary judgment [is] appropriate" in

termination proceedings. *People in Interest of A.E.*, 914 P.2d 534, 538-39 (Colo. App. 1996).

¶ 9    If the moving party does not meet its burden, summary judgment must be denied. *People in Interest of M.M.*, 2017 COA 144, ¶ 13; *see also USA Leasing, Inc. v. Montelongo*, 25 P.3d 1277, 1279 (Colo. App. 2001) (where the plaintiff did not meet its summary judgment burden, the "defendant was not required to submit opposing evidentiary materials"). To make our determination, we view the facts in the light most favorable to the nonmoving party and resolve all doubt against the moving party. *Weisbart v. Agri Tech, Inc.*, 22 P.3d 954, 956 (Colo. App. 2001); *see also O'Herron v. State Farm Mut. Auto. Ins. Co.*, 397 P.2d 227, 231 (Colo. 1964) ("If any doubt resides in the mind of the court after a consideration of the motion, its resolution must be against the motion."); *D.R. Horton, Inc.-Denver v. D & S Landscaping, LLC*, 215 P.3d 1163, 1166 (Colo. App. 2008) ("[S]ummary judgment is appropriate only in the clearest of cases, where there is no doubt concerning the facts.").

## B. Termination of Parental Rights

¶ 10    The Department moved to terminate the parents' parental rights under section 19-3-604(1)(c), C.R.S. 2024. To terminate parental rights under that section, the Department must establish, by clear and convincing evidence, that (1) the parent has not complied with an appropriate, court-approved treatment plan or the plan has not been successful; (2) the parent is unfit; and (3) the parent's conduct or condition is unlikely to change in a reasonable time.

¶ 11    The parents' treatment plans required, among other things, that they demonstrate a lifestyle free from all substance and alcohol use, develop parenting skills by participating in family time, and refrain from further criminal activity. The Department alleged in its motions for summary judgment that the parents had not complied with their treatment plans because they failed to consistently attend family time with the child, did not adequately participate in monitored sobriety, and received new criminal charges and convictions during the case. In support of its motions for summary judgment, the Department attached (1) affidavits from the ongoing caseworker; (2) affidavits from the court appointed special advocate

(CASA); and (3) several documents detailing the parents' criminal histories.

¶ 12     The parents assert that the Department did not meet its initial burden because the attachments were insufficient to support summary judgment. Specifically, they contend that the caseworker's affidavits included inadmissible hearsay statements involving whether they attended family time or engaged in monitored sobriety. As a result, they maintain that the Department did not prove the statutory criteria for termination in section 19-604(1)(c) by clear and convincing evidence. For the reasons outlined below, we agree with the parents.

¶ 13     First, the Department maintains that the hearsay statements were admissible to support the caseworker's expert opinion. To be sure, the Department disclosed the caseworker as an expert in "child welfare social work," and the caseworker's affidavit described his qualifications from which a court could have qualified him as an expert. *See K.H.R. v. R.L.S.*, 807 P.2d 1201, 1203 (Colo. App. 1990) (to satisfy the requirements of C.R.C.P. 56(e), the expert's affidavit must describe the affiant's qualifications as an expert). However, we agree with the parents that, although an expert witness can rely

on otherwise inadmissible hearsay in forming an opinion and a court can admit the inadmissible statements for that limited purpose, the underlying hearsay statements cannot be considered for the truth of the matter asserted. *See* CRE 703; *People in Interest of D.M.F.D.*, 2021 COA 95, ¶ 11 (a court may not base its decision on evidence admitted for a limited purpose).

¶ 14 Second, we disagree with the Department that the hearsay statements about family time and monitored sobriety could be considered under the hearsay exceptions in CRE 803(6) (business records); CRE 803(7) (absence of entry in a business record); and CRE 803(8) (public records) because the caseworker's affidavit did not set out the requisite foundation to admit the hearsay statements under one of these exceptions. *See People v. Dorsey*, 2021 COA 126, ¶ 31 (noting that the proponent of the hearsay evidence must establish the foundation for the exception), *aff'd on other grounds*, 2023 CO 51. And the Department did not submit any records from the family time or monitored sobriety service providers. *See People v. Vigil*, 2024 COA 72, ¶ 33 ("Testimony about the contents of a public or business record is admissible only when

7

the record itself is introduced; otherwise, the witness's testimony is inadmissible hearsay.").

¶ 15    Third, the Department asserts that the hearsay statements were admissible because they were admissions by a party opponent. CRE 801(d)(2) (a "party's own statement" is not hearsay). Although the caseworker did include some admissible statements from the parents, the Department has not directed us to any definitive statements outlined in the affidavits showing that the parents admitted that they had not engaged in family time or monitored sobriety, or that they had failed to comply with the treatment plan overall. In other words, we agree that the parents' statements to the caseworker were admissible against them for purposes of summary judgment, but we do not agree that those admissions, by themselves, sufficiently established the termination criteria by clear and convincing evidence to warrant summary judgment.

¶ 16    Fourth, the Department asserts that, even without the hearsay statements, there is still "overwhelming evidence" supporting summary judgment. Although the caseworker's affidavits include some admissible evidence supporting termination, no admissible evidence shows that the parents failed to comply with family time

8

and monitored sobriety.  Therefore, even considering the admissible portions of the caseworker's affidavits, there are triable issues of material fact as to whether the parents complied with their treatment plans.

¶ 17 Fifth, having concluded that the caseworker's affidavits do not provide sufficient evidence to support summary judgment, we turn to the CASA's affidavits.  Even though the CASA's affidavits do not describe any expert qualifications, the Department asserts that the CASA is qualified to give expert opinions based solely on the statutes creating the CASA program.  *See* §§ 19-1-201 to -210, C.R.S. 2024.  However, assuming, without deciding, that the CASA could be qualified as an expert on this basis alone, we still conclude that the CASA's affidavits and reports do not provide sufficient evidence to establish the termination criteria by clear and convincing evidence.  Like the caseworker's affidavits, the CASA's reports contain voluminous hearsay statements that we cannot consider for the truth of the matter asserted.  *See D.M.F.D.,* ¶ 11. And although the reports provide some observations about family time, there is no other direct evidence about the parents' compliance with their treatment plans.

¶ 18    Sixth, the Department asserts that, even if there were hearsay statements in the criminal histories, we can consider them by taking judicial notice of the parents' criminal charges and convictions under CRE 201.  *See Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 64 (allowing a court to take judicial notice of court records in a related proceeding).  That may be true to some extent, but the convictions establish only that the parents did not comply with one of several components in their treatment plans.  *See People in Interest of T.E.M.*, 124 P.3d 905, 909 (Colo. App. 2005) ("Absolute compliance with a treatment plan is not required.").

¶ 19    Finally, although not raised on appeal, there are also triable issues of fact related to whether (1) the Department made reasonable efforts to rehabilitate the parents and (2) father's conduct or condition was likely to change in a reasonable time.  *See* C.A.R. 1(d) (stating that an appellate court may "notice any error appearing of record").  As for the former, the Department's motion provides little information about the services the Department provided in this case, such as substance abuse treatment services and family time for the parents while they were incarcerated.  As to the latter, the caseworker averred that, after father had resolved his

criminal issues, he had entered a treatment facility, began virtual visits with the child, and had a plan to restart in-person visitation once he completed his treatment program (which he may have completed by the time the court entered summary judgment).

¶ 20 In sum, we conclude that summary judgment is not appropriate in this case because there remain triable issues of fact involving whether (1) the parents complied with their treatment plans, namely whether they did not attend family time or participate in monitored sobriety; (2) the Department provided reasonable efforts; and (3) father's conduct or condition was likely to change in a reasonable time. Therefore, the Department did not meet its initial burden, and the juvenile court therefore erred by granting summary judgment.

¶ 21 Based on this resolution, we need not address mother's additional arguments that (1) the Department failed to establish that there was no less drastic alternative to termination and (2) the juvenile court violated her due process right to a fundamentally fair proceeding by prohibiting her from responding to the amended motion for summary judgment.

### III. Disposition

¶ 22    The judgment is reversed, and the case is remanded to the juvenile court for further proceedings.[1]

JUDGE HARRIS and JUDGE KUHN concur.

---

[1] The parents also assert that the juvenile court did not comply with the provisions of the Indian Child Welfare Act (ICWA) of 1978 because it did not ask them on the record whether they had reason to know that the child is an Indian child after the Department filed the motion to terminate. *See* § 19-1-126(1)(a)(I)(A), C.R.S. 2024; C.R. ICWA P. 3(c) (noting that, if a new child custody proceeding, such as "a proceeding to terminate parental rights" is initiated, then the court must make a new inquiry). Because we reverse the summary judgment, the court should make the proper ICWA inquiries on remand and make findings as to whether ICWA applies before entering judgment.