24CA0998 Peo in Interest of AG 03-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0998
El Paso County District Court No. 23JV30837
Honorable Diana K. May, Judge
Honorable Jayne Candea-Ramsey, Magistrate

---

The People of the State of Colorado,

Appellee,

In the Interest of A.G., a Child,

and Concerning I.G. and J.T.,

Appellants.

---

JUDGMENTS REVERSED

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

---

Kenneth Hodges, County Attorney, Melanie E. Gavisk, Assistant County Attorney, Colorado Springs, Colorado, for Appellee

Jennifer Darby, Guardian Ad Litem

James West, Office of Respondent Parents' Counsel, Longmont, Colorado, for Appellant I.G.

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant J.T.

¶ 1     In this dependency and neglect proceeding, J.T. (mother) and I.G. (father) appeal the summary judgments adjudicating A.G. (child) dependent and neglected.  We reverse.

## I.     Background

¶ 2     The El Paso County Department of Human Services (Department) filed a petition in dependency and neglect, alleging, as relevant here, that mother and father were using illegal substances in front of the child.  Father requested an adjudicatory jury trial, which the court set for both parents.

¶ 3     The Department moved to adjudicate the child by summary judgment.  Father responded to the motion; mother did not.  The juvenile court granted summary judgment against both parents and adjudicated the child dependent and neglected.  The court adjudicated the child as to mother under section 19-3-102(1)(a)-(d), C.R.S. 2024, and later as to father under section 19-3-102(1)(c).

¶ 4     Both parents now appeal.

## II.     Applicable Law and Standard of Review

¶ 5     To establish that a child is dependent and neglected, the government must establish one or more of the grounds for adjudication in section 19-3-102 by proving the facts alleged in the

1

petition by a preponderance of the evidence. *See* § 19-3-505(1), C.R.S. 2024. As relevant here, a child is dependent or neglected if the child's environment is injurious to her welfare. § 19-3-102(1)(c).

¶ 6    An adjudication by summary judgment under C.R.C.P. 56 is permissible in dependency and neglect proceedings. *People in Interest of S.B.*, 742 P.2d 935, 938-39 (Colo. App. 1987). Summary judgment is a drastic remedy that is only appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *People in Interest of M.M.*, 2017 COA 144, ¶ 12 (citing *People in Interest of S.N. v. S.N.*, 2014 CO 64, ¶¶ 14-15).

¶ 7    The moving party bears the burden of establishing that there is no disputed material fact. *Id.* at ¶ 13. A material fact is one that will affect the outcome of the case. *Id.* To meet this burden, the moving party can use pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *S.N.*, ¶ 16. If the moving party fails to meet this burden, summary judgment must be denied. *M.M.*, ¶ 13.

¶ 8    But if the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate the existence of a triable issue

2

of fact. *Id.* at ¶ 14. And even when the material facts are undisputed, summary judgment is only appropriate when reasonable minds could draw but one inference from them. *Id.* at ¶ 15. In making this determination, we must view the facts in the light most favorable to the nonmoving party. *Id.*

¶ 9 We review the court's grant of summary judgment de novo. *Id.* at ¶ 11.

### III. Father's Appeal

¶ 10 Father argues the court erred by concluding that the Department met its burden on summary judgment and finding that exposure to drugs was a "per se" injurious environment. We agree.[1]

¶ 11 Although "injurious environment" is not statutorily defined, the Department must show that the child is "in a situation that is likely harmful to that child." *People in Interest of C.M.*, 2024 COA

---

[1] We reject the Department's preservation challenge and claim of invited error. Father argued in his response to the motion for summary judgment that the child's positive drug test was not dispositive of whether that exposure occurred in the child's home. And father expressly denied that it did. The juvenile court initially recognized that the Department bore the burden of proving that the drug exposure occurred in father's care. That it later granted summary judgment finding that the fact of exposure itself was sufficient to adjudicate as to father does not limit our de novo review of whether the Department met its initial burden.

3

90, ¶ 19 (quoting *People in Interest of J.G.*, 2016 CO 39, ¶ 26). This situation generally must exist as of the date of the adjudication. *Id.*

¶ 12 However, a child may be adjudicated based on prospective harm. *Id.* When, as here, a child has been removed from the parents, "the relevant inquiry is whether the child's environment *would be* injurious to the child's welfare if the child were returned to the parents, which will generally be based on evidence that the child *was* in an injurious environment while in the parent's care." *Id.* at ¶ 29 (citing *People in Interest of S.X.M.*, 271 P.3d 1124, 1130 (Colo. App. 2011)).

¶ 13 Here, the Department alleged in its summary judgment motion that "illegal narcotics were being ingested in the presence of the [child]." The Department attached to its motion: (1) father's answers to its requests for admissions (RFAs); (2) the child's positive hair follicle test results; and (3) an affidavit from the drug testing agency's custodian of records. Both the child's test results and father's admissions establish that the child's hair follicle test taken the day the Department filed the petition was positive for methamphetamine and fentanyl. The Department thus argued that

the child was in an injurious environment as a matter of law as to father.

¶ 14    However, in his answers to the RFAs, father expressly denied using narcotics. And regardless, the Department never offered any *evidence*, through affidavit or otherwise, that would support its *allegation* (seemingly based on statements by the child) that "illegal narcotics were being ingested in the presence of the [child]."

¶ 15    Thus, the only undisputed facts the Department established were that the child had, at some point, been exposed to methamphetamine and fentanyl. The Department presented no evidence of where or how the drug exposure occurred. While the Department claims on appeal that the child was in her parents' care for "essentially the entire period preceding the positive test," and her hair follicle test was taken "almost immediately" after her removal, its summary judgment motion was not accompanied by any evidence that would support either conclusion. In essence, the Department presented no evidence that connected the child's drug exposure to her environment when she was in the care of her parents.

5

¶ 16    The child's drug exposure at some point prior to or on the day the petition was filed — without more — does not establish that her environment would be injurious to her welfare if she were returned to her parents.  *See C.M.,* ¶¶ 22-25, 37-38 (child's methamphetamine exposure alone, where there was no evidence of where exposure occurred and child was in foster care for more than half of the exposure period, does not show an injurious environment as a matter of law); *see also M.M.,* ¶ 15 (the nonmoving party is entitled to the benefit of all favorable inferences reasonably drawn from the undisputed facts).  Consequently, the Department failed to meet its initial burden, and the juvenile court erred by granting summary judgment.  *See M.M.,* ¶ 13.

¶ 17    For the same reasons as detailed above, the court erred by finding that the child's fentanyl exposure established that she was in a "per se" injurious environment.  *See C.M.,* ¶¶ 37-38.

¶ 18    Accordingly, we reverse the judgment adjudicating the child dependent and neglected as to father.

## IV. Mother's Appeal

¶ 19 Mother also argues that the juvenile court erred by concluding that the Department met its burden on summary judgment. We agree.

### A. Preservation

¶ 20 The Department contends that mother failed to preserve this issue for review because she did not respond to the motion or object to summary judgment. Indeed, the record shows that mother lodged no opposition or objection to summary judgment. However, we review summary judgment, including whether the Department met its initial burden, de novo. *See* Part II.B. Mother's lack of response to its motion did not relieve the Department of the obligation to meet this initial burden. *USA Leasing, Inc. v. Montelongo*, 25 P.3d 1277, 1278 (Colo. App. 2001); *see* C.R.C.P. 56(e). Therefore, regardless of mother's lack of response, we review whether the Department met its initial burden.

### B. Analysis

¶ 21 In its motion for summary judgment, the Department argued that by failing to respond to its RFAs, mother admitted to the petition and thus admitted the child was dependent and neglected

under section 19-3-102(1)(a)-(d). *See Sanchez v. Moosburger*, 187 P.3d 1185, 1187 (Colo. App. 2008) (a failure to respond to a request for admission is a deemed admission under C.R.C.P. 36, which may be used to support a summary judgment motion). While it is undisputed on appeal that mother did not respond to the RFAs, the Department did not attach the RFAs it sent her to its motion. Nor do those RFAs appear in the appellate record. *See S.N.*, ¶ 16 (to meet its burden, the moving party may use admissions on file). Because the RFAs sent to mother appear nowhere in the appellate record, we cannot conclude that the Department established that mother admitted the child was dependent or neglected under section 19-3-102(1)(a)-(d).

¶ 22    We disagree with the Department that a summary judgment adjudicating the child under section 19-3-102(1)(c) was nonetheless proper as to mother based on the hair follicle test results. As discussed in Part II.B.2, the Department only established as undisputed fact the child's methamphetamine and fentanyl exposure as of the date the Department filed the petition, which alone is insufficient to establish that the child's environment would be injurious if she were returned to her parents. *See C.M.*, ¶¶ 22-

25, 37-38.  Therefore, the Department failed to sustain its initial burden on summary judgment as to mother.

¶ 23    Accordingly, the juvenile court erred by granting summary judgment against mother and adjudicating the child dependent and neglected, and we reverse its judgment.  *See M.M.*, ¶ 13.

## V.    Disposition

¶ 24    The judgments adjudicating the child dependent and neglected are reversed.

JUDGE HARRIS and JUDGE GROVE concur.