25CA2357 Peo in Interest of LAC 06-11-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA2357
Arapahoe County District Court No. 24JV237
Honorable Bonnie McLean, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of L.A.C., a Child,

and Concerning K.A.C.H.,

Appellant.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE MEIRINK
Pawar and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 11, 2026

---

John Christofferson, Interim County Attorney, Alison Bettenberg, Assistant
County Attorney, Aurora, Colorado, for Appellee

Mary R. Brown, Guardian ad Litem

Patrick R. Henson, Officer of Respondent Parents' Counsel, Chelsea A. Carr,
Officer of Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1    In this dependency and neglect proceeding, K.A.C.H. (mother) appeals the summary judgment adjudicating L.A.C. (the child) dependent and neglected.  We reverse and remand to the juvenile court for further proceedings.

## I.    Background

¶ 2    In August 2024, the Arapahoe County Department of Human Services filed a petition in dependency or neglect concerning the then two-month-old child.  As relevant, the Department alleged that mother struggled with mental health issues and was placed on a mental health hold after giving birth to the child.  And the Department asserted that mother had previously agreed to a safety plan that discharged the child to her maternal grandmother's care.

¶ 3    Mother was the defendant in multiple criminal cases at the time the Department opened this case.  Later, the juvenile court noted that mother had been found incompetent to proceed in the criminal matters.

¶ 4    Through counsel, mother denied the allegations in the petition and requested an adjudicatory jury trial.  In January 2025, the court noted that mother had been transferred to a treatment facility for competency restoration.  The court then found good cause to

1

continue the jury trial in June 2025, after the court held a pretrial conference at which mother did not appear. In its ruling, the court recognized the case was "almost a year old" but emphasized that it presented "significant, very unusual legal issues."

¶ 5 A few months later, the Department moved for an adjudication by summary judgment. It submitted no documents in support of the motion. On mother's counsel's request, the court held a hearing on summary judgment. Mother's counsel did not file a written response, asserting that he would counter the motion orally instead.

¶ 6 At the hearing, mother's counsel argued first and opposed summary judgment. During its rebuttal, the Department moved to amend the motion and the dependency petition to include a new statutory basis, section 19-3-102(1)(e), C.R.S. 2025, for adjudication.

¶ 7 Ultimately, the court found that the child lacked proper parental care and, through no fault of mother, was not domiciled with mother. *See* § 19-3-102(1)(b), (e). The court thus granted summary judgment and adjudicated the child dependent and neglected.

¶ 8     Though mother's counsel filed writs to secure her attendance, mother had appeared at only a few hearings when the court entered its ruling.

## II.     Preservation

¶ 9     The Department and the child's guardian ad litem argue that mother's contentions are only partially preserved because she did not (1) "tender arguments related to all paragraphs sought for summary judgment" or (2) submit a written response to the motion. But the Department and guardian ad litem do not specify which contentions mother failed to "preserve." *See People in Interest of D.B-J.*, 89 P.3d 530, 531 (Colo. App. 2004) (declining to address an issue where a party did not "make specific arguments" in support of it). In any case, that mother levied only oral opposition to summary judgment "[did] not relieve the [Department] of its burden to establish that summary judgment is appropriate." *USA Leasing, Inc. v. Montelongo*, 25 P.3d 1277, 1278 (Colo. App. 2001).

## III.     Legal Framework and Standard of Review

¶ 10    As relevant here, a child is dependent or neglected if the child (1) lacks proper parental care through the actions or omissions of their parent, *see* § 19-3-102(1)(b), or (2) is homeless, without proper

3

care, or not domiciled with their parent through no fault of the parent, *see* § 19-3-102(1)(e) (no-fault basis). "Proper parental care means the minimum level of care or services and necessities that are required to prevent any serious threat to the child's health or welfare." CJI-Civ. 41:7 (2026). While the Children's Code does not define "domicile," Colorado case law has established that it means a place where a person intends to reside permanently. *See Potter v. State Farm Mut. Auto. Ins. Co.*, 996 P.2d 781, 783 (Colo. App. 2000). A child's domicile has been understood to be that of the parent with whom the child lives. *See Scheer v. Dist. Ct.*, 363 P.2d 1059, 1060-61 (Colo. 1961).

¶ 11   An adjudication must be based on existing circumstances and relate to the child's status at the time of adjudication. *People in Interest of A.E.L.*, 181 P.3d 1186, 1192 (Colo. App. 2008). But that does not mean that the juvenile court must find that the child is presently receiving improper care. *People in Interest of S.X.M.*, 271 P.3d 1124, 1130 (Colo. App. 2011). Instead, an adjudication may be based on current, past, or prospective harm. *People in Interest of G.E.S.*, 2016 COA 183, ¶ 15; *see S.X.M.*, 271 P.3d at 1130-31.

¶ 12    Summary judgment is a drastic remedy that is appropriate only when the moving party establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *People in Interest of S.N. v. S.N.*, 2014 CO 64, ¶¶ 14-15; *see also* C.R.C.P. 56(c) (summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show this standard is met). In dependency and neglect cases, summary judgment, particularly when based on prospective harm, is warranted only infrequently. *See S.N.*, ¶ 25.

¶ 13    If the moving party fails to meet this burden, summary judgment must be denied. *People in Interest of M.M.*, 2017 COA 144, ¶ 13; *see also USA Leasing*, 25 P.3d at 1279 (where the plaintiff did not meet its burden, the "defendant was not required to submit opposing evidentiary materials"). But if the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate a controverted factual question. *S.N.*, ¶ 16.

¶ 14    Even when the material facts are undisputed, summary judgment is only appropriate when reasonable minds could draw but one inference from them. *M.M.*, ¶ 15. A court must give the

nonmoving party all favorable inferences that can be drawn from the facts. *S.N.*, ¶ 16.

¶ 15 We review the court's grant of summary judgment de novo. *M.M.*, ¶ 11.

## IV. Discussion

¶ 16 The Department made numerous allegations in its motion for summary judgment. Among other things, the Department alleged that it was "undisputed" that (1) the child was placed with maternal grandmother after her discharge from the hospital; (2) mother had not cared for the child; (3) mother had been found incompetent in the criminal cases; and (4) the child could not reside in the treatment facility where mother was living. But the Department filed no affidavits, admissions, answers to interrogatories, or exhibits in support of its motion. *See* C.R.C.P. 56(c). While the county attorney indicated that she would serve requests for interrogatories on mother, none appear in the record. Thus, the Department offered no evidence to support its allegations. *See id.*; *see also S.N.*, ¶ 17 ("[A] litigant cannot merely assert a legal conclusion without evidence to support it." (citation modified)).

¶ 17    Instead, the only undisputed facts established were those conceded by mother's counsel, who agreed that mother (1) had been found incompetent in her criminal cases, and (2) was currently and "ha[d] been" residing in an inpatient treatment facility for competency restoration.

¶ 18    As noted, the Department did not seek adjudication under the no-fault basis in its written summary judgment motion. Instead, it orally moved to add this ground to both the motion and the dependency petition after mother's attorney's argument at the summary judgment hearing. Yet, the record does not contain an amended petition including the Department's new allegations — that mother was presently "[un]available" and the child was not "able to . . . live with her." *See* § 19-3-505(4)(a)-(b) (when evidence presented at the adjudicatory hearing discloses facts not alleged in the petition, the juvenile court may consider the additional matters raised by the evidence if the parties consent; in such event, the court shall order the petition be amended to conform to the evidence).

¶ 19    But even assuming without deciding that the Department properly moved for summary judgment on the no-fault basis, we

conclude that it did not meet its burden as to either statutory ground on which the juvenile court based the adjudication.

¶ 20 Under the Colorado Code of Criminal Procedure, "incompetent to proceed" means that, as a result of a mental or developmental disability, the defendant (1) "does not have sufficient present ability to consult with the defendant's lawyer with a reasonable degree of rational understanding" to assist the defense, or (2) "does not have a rational and factual understanding of the criminal proceedings." § 16-8.5-101(12), C.R.S. 2025.

¶ 21 Mother's incompetency to proceed within the criminal matters and past or present participation in residential restoration treatment at the time of the hearing — without more — do not establish as a matter of law that the child would lack proper parental care if placed into mother's care. *See* § 19-3-102(1)(b); *S.X.M.*, 271 P.3d at 1130 (in cases of removal, the factfinder's task is to determine whether the child will lack proper parental care if returned to the parent); CJI-Civ. 41:7. This evidence is not dispositive of mother's "actions or omissions" in the context of parental care, and a reasonable factfinder could draw divergent inferences about mother's ability to care for the child based on

8

these facts.  *See* § 19-3-102(1)(b); *M.M.*, ¶ 15 (summary judgment is only appropriate when reasonable minds could draw but one inference from the facts).

¶ 22     Nor do the facts conceded by mother's counsel, standing alone, establish that the child was without housing or proper care or not domiciled with mother.  *See* § 19-3-102(1)(e); *Potter*, 996 P.2d at 783.  While the Department made *allegations* about where the child did or was permitted to reside, it presented no *evidence* about her domicile or the care she received.  *See* C.R.C.P. 56(c).  Mere allegations, presented without supporting evidence, are insufficient to meet a movant's burden on summary judgment.  *See S.N.*, ¶ 17; *USA Leasing*, 25 P.3d at 1278-79 (plaintiff did not meet its burden where it filed no supporting documents and a previously filed affidavit set forth only a conclusory allegation, among other issues); *see also S. Cross Ranches, LLC v. JBC Agric. Mgmt., LLC*, 2019 COA 58, ¶ 15 (affidavits containing mere conclusions are insufficient to meet initial burden).

¶ 23     Moreover, this evidence fails to establish the other statutory grounds on which the Department relied.  *See* § 19-3-102(1)(a) (a child is dependent or neglected if the parent has abandoned the

child or subjected them to mistreatment or abuse), (c) (a child is dependent or neglected if their environment is injurious to their welfare).[1]

¶ 24 Accordingly, we conclude that the Department failed to sustain its burden on summary judgment and the juvenile court erred by granting its motion and adjudicating the child dependent and neglected.

## V. Disposition

¶ 25 The judgment is reversed, and the case is remanded to the juvenile court for further proceedings consistent with this opinion.

JUDGE PAWAR and JUDGE SULLIVAN concur.

---

[1] By the time of the summary judgment hearing, the Department had abandoned theories of adjudication under section 19-3-102(1)(d) and (g), C.R.S. 2025, both raised in its written motion.