24CA2218 Abrams v Khattak 02-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2218
City and County of Denver District Court No. 23CV31323
Honorable Andrew P. McCallin, Judge

Abrams & Associates, LLC,

Defendant-Appellee,

v.

Fatima Khattak,

Plaintiff-Appellant.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE MEIRINK
J. Jones and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 26, 2026

Abrams & Associates, LLC, Robert Abrams, Denver, Colorado, for Defendant-Appellee

Fatima Khattak, Pro Se

¶ 1     Plaintiff, Fatima Khattak, appeals the district court's summary judgment in favor of defendant, Abrams & Associates, LLC (A&A). We affirm.

## I.     Background

¶ 2     Khattak was the plaintiff in Denver District Court Case No. 22CV30058.[1]  Khattak entered into a contract for Abrams, Sullenberger & Associates, LLC (AS&A), to represent her in that case.  Pursuant to the contract, if Khattak failed to pay legal fees, AS&A was entitled to costs incurred in collecting the amounts owed, and Khattak agreed to pay 18% per annum in interest on the outstanding amounts.

¶ 3     A&A was the sole owner and member of AS&A.  In April 2022, A&A filed a statement of dissolution with the Colorado Secretary of State dissolving AS&A.  Khattak wasn't notified of the dissolution but continued to receive legal services from A&A.  Khattak received invoices for fees owed under the contract she had signed with AS&A, but the invoices asked her to direct payment to A&A. Khattak's case proceeded to trial, and the jury found against her.

---

[1] This case is not at issue here.

1

Before trial, Khattak paid all legal fees owed under the agreement, even after AS&A was dissolved. After trial, though, Khattak didn't pay any outstanding fees. As of March 2023, Khattak owed A&A $27,255.88 in legal fees.

¶ 4    A&A filed the underlying complaint in May 2023, asserting a claim for breach of contract against Khattak for failure to pay legal fees under the contract. In response, Khattak filed a motion to dismiss under C.R.C.P. 12(b)(5), alleging that (1) there was no valid and enforceable contract with A&A; (2) she performed her obligations concerning the contract with AS&A; (3) the dissolution of AS&A extinguished its existence, thereby rendering any contracts it had entered into unenforceable; and (4) AS&A, because it was dissolved, lacked standing. The district court denied her motion. Khattak then filed an answer to the complaint but didn't assert any counterclaims.

¶ 5    A&A moved for judgment on the pleadings under C.R.C.P. 12(c). It attached invoices to the motion to support the claim that Khattak failed to pay for legal services. Khattak responded, claiming that there was no enforceable contract between her and

A&A because her contract was with the predecessor legal entity, AS&A.

¶ 6     In April 2024, the court found that AS&A's dissolution didn't preclude A&A's claim for breach of contract.  In the same order, the court converted the motion for judgment on the pleadings to a motion for summary judgment because A&A attached exhibits to the motion and introduced matters outside the pleadings.  The court then ordered both parties to present all relevant evidence and to establish any disputes of material fact on the elements of the breach of contract claim.

¶ 7     Khattak submitted a response and attached documents relating to the filing and service of the underlying complaint but didn't submit an affidavit or other evidence relating to the breach of contract claim itself.

¶ 8     The court granted A&A summary judgment after concluding that A&A presented evidence that Khattak failed to pay for the legal services performed and that Khattak failed to establish the existence of a factual dispute by attaching an affidavit or other evidence that A&A concealed the winding-up of AS&A.  Khattak filed a motion to reconsider and attached an affidavit and other

exhibits to the motion. The court denied her request, however, concluding that the evidence presented in the motion could have been submitted in the original response to A&A's converted motion for summary judgment. Khattak appeals.

## II.     Analysis

¶ 9     Khattak makes multiple arguments on appeal. As we understand her arguments, Khattak argues that (1) A&A knowingly concealed AS&A's dissolution and A&A's lack of capacity to perform under the contract; (2) the court erred by granting summary judgment and concluding there was no genuine dispute of material fact; and (3) the court erred by failing to consider that her "consent to the contract was vitiated," and therefore, summary judgment wasn't appropriate. While Khattak raises multiple arguments on appeal, each of her assertions challenges the district court's decision to grant A&A summary judgment. We therefore confine our review to that issue.

### A.     Appellate Rules

¶ 10     As an initial matter, Khattak's pro se opening brief doesn't comply with the appellate rules for briefing. *See* C.A.R. 28. For instance, for each issue Khattak raises, the brief contains neither a

statement of the applicable standard of review nor a statement of preservation nor citations to the record. *See* C.A.R. 28(a)(6)(B), (7)(B) (The appellant must provide "reasoning . . ., with citations to the authorities and parts of the record on which the appellant relies.").

¶ 11 The appellate rules are not technicalities; they are designed to enable appellate review. *Cikraji v. Snowberger*, 2015 COA 66, ¶ 10. A party's pro se status does not excuse the failure to comply with the appellate rules. *See Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 572 (Colo. 2009) (noting that while the court may consider a party's pro se status, pro se parties are still bound by the rules). But we recognize that it's challenging for a person who is not a lawyer to represent themselves in legal proceedings. Taking that into account, *see id.*, we elect to address Khattak's arguments as best we understand them.

### B. The Court Did Not Err When It Granted Summary Judgment in A&A's Favor

#### 1. Standard of Review and Applicable Law

¶ 12 We review a grant of summary judgment de novo. *Rocky Mountain Planned Parenthood, Inc. v. Wagner*, 2020 CO 51, ¶ 42.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." C.R.C.P. 56(c). "Our task on review 'is to determine whether a genuine issue of material fact existed and whether the district court correctly applied the law.'" *Stanczyk v. Poudre Sch. Dist. R-1*, 2020 COA 27M, ¶ 53 (quoting *City of Fort Collins v. Colo. Oil*, 2016 CO 28, ¶ 9), *aff'd on other grounds*, 2021 CO 57.

¶ 13    The moving party bears the initial burden of establishing the lack of a triable issue. *Westin Operator, LLC v. Groh*, 2015 CO 25, ¶ 20. All doubts are resolved against the moving party, while the nonmoving party receives "the benefit of all favorable inferences that may be reasonably drawn from the undisputed facts." *Id.* (quoting *Tapley v. Golden Big O Tires*, 676 P.2d 676, 678 (Colo. 1983)). Summary judgment is a "drastic remedy . . . that may not be entered when differing material factual inferences can be drawn from even undisputed evidence." *Camus v. State Farm Mut. Auto. Ins. Co.*, 151 P.3d 678, 680 (Colo. App. 2006).

¶ 14    To establish a claim for breach of contract, a party must prove the existence of a contract, the relevant terms, a breach of those terms, and the resulting damages. *Marquardt v. Perry*, 200 P.3d 1126, 1129 (Colo. App. 2008). A material breach of contract by one party excuses the other party from further performance on that contract. *Kaiser v. Mkt. Square Disc. Liquors, Inc.*, 992 P.2d 636, 641 (Colo. App. 1999).

### 2.    Analysis

¶ 15    Khattak argues that the district court erred by entering summary judgment in A&A's favor because there was a genuine dispute of material fact. We disagree.

¶ 16    Khattak entered into a contract with AS&A for legal services. A&A performed those services and represented Khattak at trial. While A&A filed a statement to dissolve AS&A with the Colorado Secretary of State, it continued performing legal services for Khattak pursuant to the agreement she signed with AS&A, including trial representation.

¶ 17    Khattak argues that her "consent to the contract was vitiated due to [A&A's] failure to disclose AS&A's dissolution, winding up process and significant changes." However, it is undisputed that

7

Khattak paid legal fees owed under the contract prior to trial, regardless of the entity named on the invoice letterhead. It is also undisputed that Khattak failed to pay the legal fees after trial. In support of its claim, A&A submitted affidavits and invoices establishing the existence of a valid contract, performance under that contract, and Khattak's nonpayment of the fees required by the agreement. Khattak provided no evidence refuting these facts.

¶ 18 In Khattak's reply to the converted motion for summary judgment, she asserted that A&A breached the contract, but she didn't submit exhibits, affidavits, or other evidence supporting her assertion or countering the evidence that A&A presented. Although Khattak expressed dissatisfaction that A&A didn't inform her that it was winding up the business, she failed to provide evidence that disclosure of AS&A's dissolution was required under the contract, that A&A concealed the dissolution, or that a factual dispute existed as to the existence of the contract or the amounts she owed but failed to pay.

¶ 19 Although Khattak submitted an affidavit and multiple exhibits after filing her motion for reconsideration, the court concluded that such evidence could have been presented in response to A&A's

motion.  We find no basis to disturb that conclusion.  *See Fox v. Alfini*, 2018 CO 94, ¶ 36 ("[A] district court generally does not abuse its discretion by refusing to consider new arguments and evidence submitted in motions to reconsider.").

¶ 20     On appeal, Khattak argues that A&A's failure to disclose that it was winding up its business precludes summary judgment and caused her actual damages.  However, Khattak again failed to support her argument with any evidence indicating that AS&A concealed the dissolution or the winding-up, that A&A had an obligation to disclose the dissolution to her, or that she was injured by these actions.  The only evidence in the record shows that A&A performed all contracted legal services for Khattak, and, regardless of the letterhead on the invoice, she paid the required fees before her case proceeded to trial.

¶ 21     Because Khattak didn't present evidence demonstrating that A&A concealed the dissolution or that AS&A's dissolution rendered A&A unable to perform under the contract, there was no material factual dispute, and the district court didn't err by granting summary judgment.

### III.    Disposition

We affirm.

JUDGE J. JONES and JUDGE LUM concur.